NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK J. KENNY, III,

    Plaintiff,

v.

CHRISTOPHER PORRINO, et al.,

    Defendants.

Civil Action No. 18-02729 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants Christopher Porrino, Elizabeth J. Mackay, Michael J. Simon, Daniel Santos, and Samuel R. Viavattine's (collectively, "Defendants") Motion to Dismiss. (Defs.' Mot. to Dismiss, ECF No. 5.) Defendants moved pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, Rule 12(b)(6). Pro se Plaintiff Frank J. Kenny, III ("Plaintiff") opposed the motion, (ECF No. 6), and Defendants replied (ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Rule 78.1. For the reasons stated below, Defendants' Motion to Dismiss is GRANTED.

**I.    Background**

    On February 6, 2018, Plaintiff initiated this action by filing a complaint against Defendants using a publicly available form complaint. (*See* Compl. ECF No. 1.) The gravamen of Plaintiff's claim is that Plaintiff submitted a request for an onsite inspection of certain records located at 101 South Broad Street in Trenton, New Jersey, pursuant to New Jersey's Open Public Records

Request Act ("OPRA"), and Elizabeth J. Mackay denied this request. (*See id.* at 3.) Section IV of the complaint form allows a plaintiff to identify the injuries suffered, and Section V allows a plaintiff to identify the requested relief. Plaintiff struck through both sections and responded, "None."[1] (*Id.* at 4.)

Section II of the complaint form allows a plaintiff to identify the jurisdictional basis of the action. In this section, Plaintiff marked a box indicating that the basis of jurisdiction is a "U.S. Government Defendant." (*Id.* at 2.) Plaintiff also indicated that the basis for federal question jurisdiction is the Freedom of Information Act ("FOIA"), OPRA, and the "Sunshine Law." (*Id.*) In response to a question regarding the citizenship of each party, Plaintiff responded that the state of citizenship for himself and Defendants is "U.S.A." (*Id.* at 3.)

On May 4, 2018, Defendants filed a Motion to Dismiss. (Defs.' Mot. to Dismiss, ECF No. 5.) On June 6, 2018, Plaintiff filed a document styled as a "Motion to Move Forward." (Pl.'s Mot., ECF No. 6.) The Court construed this document as Plaintiff's submission in opposition to Defendants' Motion to Dismiss. (June 22, 2018 Text Order, ECF No. 9.) On June 28, 2018, Defendants replied to Plaintiff's Opposition. (Reply Correspondence, ECF No. 10.)

**II.    Discussion**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "The plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Doe*

---

[1] The Court notes that these responses would appear to indicate that Plaintiff lacks Article III standing. *See Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) ("Article III requires a plaintiff to demonstrate (1) an 'injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likel[ihood] that the injury will be redressed by a favorable decision.") (alterations in original) (citing *Lujuan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)).

2

v. *Goldstein's Deli*, 82 F. App'x 773, 775 (3d Cir. 2003) (citing *Gould Elecs. Inc. v. United States*, 220 F. 3d 169, 178 (3d Cir. 2000)).

Defendants raise three main arguments in support of their motion. First, Defendants argue that the Court lacks subject matter jurisdiction. (Defs.' Moving Br. 5-10, ECF No. 5-5.) Specifically, Defendants assert that "arising under" jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable here because (i) "a claim arising under OPRA involving a state agency does not confer federal question jurisdiction" and (ii) FOIA "does not apply to state agencies." (*Id.* at 5-7.) Defendants also assert that "federal question" and diversity jurisdiction are lacking. (*Id.* at 8.) Second, Defendants argue that the Eleventh Amendment bars Plaintiff's suit because "[t]he State of New Jersey has not waived sovereign immunity with respect to claims arising under OPRA in federal courts." (*Id.* at 11.) Finally, Defendants argue that even if the Court has subject matter jurisdiction, Plaintiff has failed to state a claim because his OPRA request was "impermissibly broad and fail[ed] to request specific government records." (*Id.* at 12.)

The argument section of Plaintiff's Opposition to the Motion to Dismiss reads as follows[2]:

> Point 1
> Federal Jurisdiction is Here
> - Parallel Investigation
> - Joint Investigation
> 
> "Dynamic Duo"
> - Samuel Viavattine
> - Jerry Markuson
>
> Point 2
> Janice M. Kenny Felt the Wrath
> Of the "<u>Dynamic Duo</u>"
> - Victimize
> - Terrorize
> - Exploitation
> - Elder Abuse

---

[2] The Court sets forth Plaintiff's handwritten argument as close to as presented in the brief as possible.

3

> Frank J. Kenny Experience This
> First Hand the "Dynamic Duo"
> Point 3
> The Kenny Family would like as much
> - "F.O.I.A." Freedom of Information Act
> - "O.P.R.A." Open Public Records Act Request
>
> As allowed by Law
> No More, No less
> All the • Bat Files
>     • Bat Reports
>     • Bat Letters
> That Lead to Janice M. Kenny's Early Death
>
>     • Overly Broad Request
> Frank J. Kenny III will make them
>     • Underly Broad
> Frank J. Kenny has always been willing to work with the Defendants to move forward on this •Didactic • Reports • Files • Letters
> From → "Overly Broad"
> To → "Underly Broad Verbiage"

(Pl.'s Opp'n Br. 7-8, ECF No. 6-1.)

Defendants' Reply reasserts the same arguments contained in the Motion to Dismiss and notes that the allegations in Opposition "do not even relate to the claims raised in the Complaint." (Defs.' Reply 3, ECF No. 10.)

Plaintiff has not established the Court's subject matter jurisdiction over this suit. In the Complaint, Plaintiff asserted that the Court's jurisdiction was based on the presence of (i) a U.S. government defendant, (ii) federal question jurisdiction, and (iii) diversity jurisdiction. Plaintiff's response to Defendants' Motion to Dismiss only tangentially responds to Defendants' arguments that the Court lacks subject matter jurisdiction. Plaintiff's reference to a "parallel investigation" or "joint investigation" does not identify who or what is conducting these investigations and how these unnamed parties would confer the Court with jurisdiction. In addition, Plaintiff does not identify who Jerry Markuson is and how his involvement with the "dynamic duo," or the actions of said duo, would satisfy the jurisdictional requirement. Plaintiff, moreover, does not explain the

relevance of the "Bat Investigation of Janice M. Kenny" or the bat-related documents. Finally, while the Court acknowledges Plaintiff's apparent willingness to tailor his records request and to work with Defendants on his requests,[3] Plaintiff fails to address Defendants' well-founded arguments that (i) FOIA does not apply to state agencies and officials and (ii) that a dispute over an OPRA request does not give rise to a federal question. Plaintiff, in sum, has failed to meet his burden of convincing the Court of its subject matter jurisdiction.

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED** and the Complaint (ECF No. 1) is dismissed without prejudice. By **October 24, 2018**, Plaintiff may file an amended complaint. Failure to file an amended complaint will result in dismissal of the Complaint with prejudice. An order consistent with this Memorandum Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 25th, 2018

---

[3] Given Plaintiff's apparent willingness to resolve the instant dispute, the Court encourages the parties to work to find extrajudicial means to resolve this dispute.