UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK J. KENNY, III,

    Plaintiff,

v.

CHRISTOPHER PORRINO, et al.,

    Defendants.

Civil Action No. 18-2729 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants New Jersey Office of the Attorney General, former Attorney General Christopher Porrino, Elizabeth J. Mackay, Michael J. Simon, Samuel R. Viavattine, Daniel Santos, and Catherine R. McCabe's (collectively, "State Defendants") Motion to Dismiss pro se Plaintiff Frank J. Kenny, III's ("Plaintiff") Second Amended Complaint (ECF No. 28) pursuant to Federal Rules[1] of Civil Procedure 12(b)(1) and 12(b)(6).[2] (ECF No. 33.) Plaintiff filed opposition. (ECF No. 42.) The Court has carefully

---

[1] All references to a "Rule" or "Rules" hereinafter shall refer to the Federal Rules of Civil Procedure.

[2] Defendants Eric Schrading and Jerry Markuson, who Plaintiff alleges are federal employees of the United States Fish and Wildlife Service (*see* Second Am. Compl. ("SAC") *8, *15, *29, ECF No. 28), did not join in the State Defendants' Motion. Upon a review of the docket, the Court finds Schrading and Markuson have neither been served nor waived service in the matter. In addition, Plaintiff has not requested an extension of time to serve Schrading and Markuson. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court will enter an appropriate Order.

considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, State Defendants' Motion is granted.

I. **BACKGROUND**[3]

In February 2018, Plaintiff filed a Complaint against certain State Defendants alleging that they improperly denied a request for public records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the Open Public Records Act ("OPRA"), N.J. Stat. Ann. §§ 47:1a–1 to –13; and the "Sunshine Law." (Compl. 2–3, ECF No. 1.) Those defendants moved to dismiss the Complaint. (ECF No. 5.) Dismissing the Complaint without prejudice, the Court found it did not have subject matter jurisdiction because "(i) FOIA does not apply to state agencies and officials and (ii) . . . a dispute over an OPRA request does not give rise to a federal question." *Kenny v. Porrino*, No. 18-2729, 2018 WL 4604314, at *2 (D.N.J. Sept. 25, 2018).

In October 2018, Plaintiff amended the complaint to include Catherine McCabe, Eric Schrading, and Jerry Markuson as defendants. (Am. Compl. *1,[4] ECF No. 14.) State Defendants again moved to dismiss. (ECF No. 20.) The Court granted the motion, finding the Amended Complaint "fail[ed] to cure the deficiencies the Court previously identified" and "provide[d] Plaintiff with one final opportunity to demonstrate that the Court has subject matter jurisdiction over th[e] matter." (Order 2, ECF No. 27.)

In June 2019, Plaintiff filed a Second Amended Complaint ("SAC") (ECF No. 28), and State Defendants filed the instant Motion to Dismiss (ECF No. 33).

---

[3] In ruling on a motion to dismiss, the Court accepts as true all well-pled factual allegations in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

[4] Page numbers preceded with an asterisk refer to the page numbers at the top of the ECF filing.

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Standard

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the [C]ourt's subject matter jurisdiction." *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). By contrast, on a factual attack to federal subject matter jurisdiction, courts may consider evidence outside the pleadings. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citation omitted). Additionally, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The Third Circuit has warned that a 12(b)(1) motion should not be used as an attack on the merits. *See CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008), *as amended* Sept. 29, 2008.

### B. Rule 12(b)(6) Standard

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). For claims of fraud, Rule 9(b) imposes a heightened pleading standard. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). A "plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged." *Id.* (internal citation and quotation marks omitted).

Upon a 12(b)(6) motion, a district court conducts a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In addition, pro se pleadings should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

Plaintiff's Second Amended Complaint again relies upon FOIA and OPRA. As this Court previously held, "FOIA does not apply to state agencies and officials." *Kenny*, 2018 WL 4604314, at *2; 5 U.S.C.A. § 551(1) ("'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency"); *see also Dunleavy v. New Jersey*, 251 F. App'x 80, 83 (3d Cir. 2007) (finding "FOIA obligate[s] federal agencies to make their documents, records, and publications available to the public"). Moreover,

"a dispute over an OPRA request does not give rise to a federal question." *Kenny*, 2018 WL 4604314, at *2; *see also Bd. of Chosen Freeholders of Burlington v. Tombs*, 215 F. App'x 80, 82 (3d Cir. 2006) (finding "[a plaintiff] cannot invoke federal jurisdiction by asserting its federal copyright as a defense against [the defendant's] OPRA claim).

Plaintiff's Second Amended Complaint does, however, appear to further allege the violation of his due process rights, fraud, and negligence against State Defendants. The Court addresses each potential claim in turn.

Plaintiff's due process claim is stated below, in its entirety (verbatim):

> Rule Due Process with
> Economic Substantive Due Process shall be granted if the pleadings, answers[,] and admissions on file, together with affidavits, show that there is genuine as to any material fact challenged and the moving party is entitled to a judgment or order as a matter of law.

(SAC *19.) Here, Plaintiff fails to provide a factual basis for his claim. Even when liberally construing the allegations of the Second Amended Complaint, the Court finds that Plaintiff fails to provide State Defendants with fair notice of what the claim is and the grounds upon which it rests, as required by Rule 8(a)(2). Consequently, Plaintiff's due process claim is dismissed.[5]

---

[5] To the extent Plaintiff alleges a constitutional violation, "[42 U.S.C. §] 1983 provides private citizens with a means to redress violations of federal law committed by state individuals." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). "Setting aside the availability of immunity, the basic cause of action requires that a § 1983 plaintiff prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (citations omitted).

5

Plaintiff also appears to allege fraud in the Second Amended Complaint:

- <u>Mail and Wire Fraud</u>
  - United States
  - Postal Service
  - Bat Letter Dated Nov[.] 25[,] 2015
  - Possible crimes
  - Elder [a]buse

(SAC at *6.) Here, Plaintiff neither provides a factual basis for his fraud claim, as required by Rule 8(a)(2), nor pleads such fraud with particularity, as required by Rule 9(b). Furthermore, it is unclear whether Plaintiff is alleging fraud against the United States, the Postal Service, or any of the named Defendants. For these reasons, any fraud claim Plaintiff alleges is dismissed as inadequate under the Rules' pleading requirements.[6]

Lastly, Plaintiff alleges that certain State Defendants "violated their duty of care" by turning the northern long ear bat, a United States Fish and Wildlife Service endangered species, into a "dangerous weapon." (SAC *21.) While the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. §§ 59:1–1 to 59:12–3, allows individuals to bring tort claims against state "public entities," *id.* § 59:2–2, it does not waive New Jersey's sovereign immunity to suit in federal courts. *Hyatt v. Cty. of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009) (citing N.J. Stat. Ann. § 59:2–2(a)). Moreover, separate from issues of immunity, a plaintiff is required to take certain actions before filing suit under the NJTCA. *See* N.J. Stat. Ann. § 59:8–8. If a plaintiff fails to file a notice of claim with the state entity within ninety days from accrual of the cause of action, the plaintiff is "forever barred from recovering against a public entity or public employee." *Id.*

---

[6] To the extent that Plaintiff alleges mail and wire fraud under federal criminal statutes, 18 U.S.C. §§ 1341 and 1343, respectively, he lacks a private right of action to do so. *See, e.g., Addlespurger v. Corbett*, 461 F. App'x 82, 87 (3d Cir. 2012) (finding no private cause of action for mail and wire fraud); *see also Williamson v. Michals*, No. 12-4548, 2013 WL 4509976, at *2 (D.N.J. Aug. 23, 2013) ("[Section 1341 and 1343] claims, which are based on violations of federal criminal law, fail as a matter of law inasmuch as the federal statutes upon which they are based do not provide [a p]laintiff with a private cause of action." (citations omitted)).

6

Here, Plaintiff does not allege that he filed a notice of claim with the relevant state agencies within ninety days of the alleged harm, as required by the NJTCA. Because Plaintiff does not allege that he has at least filed the appropriate and necessary notices of claim, the Court dismisses Plaintiff's negligence claims against State Defendants.[7]

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's claims against State Defendants. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[7] To the extent that Plaintiff alleges negligence against federal agency employees, the Federal Torts Claim Act ("FTCA") operates as a similarly limited waiver of the United States' sovereign immunity. *White-Squire v. USPS*, 592 F.3d 453, 456 (3d Cir. 2010). Like the NJTCA, the FTCA requires Plaintiff to present his claim to the appropriate federal agency and for the claim to be denied. 28 U.S.C. § 2675(a). This exhaustion requirement "is jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).

7