NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK J. KENNY, III,

    Plaintiff,

v.

CHRISTOPHER PORRINO, et al.,

    Defendants.

Civil Action No. 18-2729 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants United States Fish & Wildlife Service (the "Service") and Eric Schrading's (collectively, "Federal Defendants") Motion to Dismiss (ECF No. 56) Plaintiff Frank J. Kenny, III's ("Plaintiff") Third Amended Complaint (ECF No. 45). Plaintiff responded by filing a Motion to Amend the Third Amended Complaint. (ECF No. 57.) Federal Defendants opposed. (ECF No. 58.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Federal Defendants' Motion to Dismiss is granted and Plaintiff's Motion to Amend is denied.

**I.    BACKGROUND**

Plaintiff proceeds *pro se* in this matter. In February 2018, Plaintiff filed a Complaint against certain New Jersey state officials alleging that they improperly denied a request for public records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the New Jersey Open Public Records Act ("OPRA"), N.J. Stat. Ann. §§ 47:1A-1 *et seq.*; and the "Sunshine Law."

(Compl. 2-3, ECF No. 1.) The Court granted the state officials' motion to dismiss the Complaint without prejudice finding that "(i) FOIA does not apply to state agencies and officials and (ii) . . . a dispute over an OPRA request does not give rise to a federal question." *Kenny v. Porrino*, No. 18-2729, 2018 WL 4604314, at *2 (D.N.J. Sept. 25, 2018).

In October 2018, Plaintiff amended the Complaint to add, among others, the Service and two of its employees, Eric Schrading and Jerry Markuson, as defendants. (Am. Compl. *1, ECF No. 14 ("FAC").)[1] The state officials again moved to dismiss, (ECF No. 20), and the Court granted the motion, finding that the FAC "fail[ed] to cure the deficiencies the Court previously identified" and "provid[ing] Plaintiff with one final opportunity to demonstrate that the Court has subject matter jurisdiction over this matter." (Order 2, ECF No. 27.)

In June 2019, Plaintiff filed a Second Amended Complaint ("SAC"), again naming various New Jersey state officials as defendants, as well as Eric Schrading and Jerry Markuson, the federal employees named in the FAC. (Second Am. Compl., ECF No. 28. ("SAC").) Plaintiff did not name the Service as a Defendant in the SAC, although he referenced the agency throughout. (*See generally id.*) The docket for this matter contains no proof that Plaintiff served the SAC on the Service or any federal employees pursuant to Rule 4(i). The state officials filed a motion to dismiss the SAC, (ECF No. 33), and the Court granted that motion on the grounds that the Court lacked subject matter jurisdiction. (ECF No. 43). Nevertheless, the Court granted Plaintiff leave to amend. (*Id.*) In that opinion, the Court took notice of the fact that Defendants Schrading and Markuson were federal employees and had not been served. (*Id.* at 1 n.2.) The Court directed Plaintiff to file proof of proper service or an explanation for why the civil action should not be dismissed as to Schrading and Markuson. (ECF No. 44.)

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

2

On March 30, 2020, Plaintiff filed the Third Amended Complaint ("TAC"). The TAC names the same Defendants named in the SAC, but it also adds the Service and the New Jersey Department of Environmental Protection. (TAC *2, ECF No. 45.) Plaintiff brings claims under FOIA and OPRA, as well as claims of civil rights violations. (*Id.*) On May 28, 2020, the state agencies and officials named in the TAC moved to dismiss the action,[2] (ECF No. 48), and the Court dismissed Plaintiff's claims against them for failure to serve timely and effective process (ECF No. 69). Plaintiff filed various documents he represented to be proof of service of the TAC on the Federal Defendants pursuant to Rule 4(i). (ECF Nos. 46, 47.) The United States Attorney's Office then sent Plaintiff a letter asserting that he failed to properly serve the Service and other federal officials as required under Rule 4(i) and requested that Plaintiff dismiss Markuson as a Defendant. (ECF No. 51.) On August 14, 2020, Plaintiff again filed what he represents to be proof of service as to the Federal Defendants. (ECF No. 52.) On August 24, 2020, Plaintiff formally dismissed Markuson in a separate filing. (ECF No. 53.)

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

"When a defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction for the sake of remaining in federal court." *Wright v. New Jersey*, 115 F. Supp. 3d 490, 493 (D.N.J. 2015) (citing *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)). "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs.*, 220 F.3d at 176. "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's

---

[2] The moving state officials included: Christopher Porrino, New Jersey Office of the Attorney General, Division of Consumer Affairs, Elizabeth J. Mackay, Michael J. Simon, Samuel R. Viavattine, Daniel Santos, Eric Schrading, Jerry Markuson, State of New Jersey Department of Environmental Protection, and Catherine R. McCabe. (ECF No. 48.)

3

allegations as true." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). By contrast, on a factual challenge to federal subject matter jurisdiction, courts may consider evidence outside the pleadings. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). On a factual challenge, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The Third Circuit has cautioned that a Rule 12(b)(1) motion should not be used as an attack on the merits. *See CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3).

### B. Federal Rule of Civil Procedure 12(b)(6)

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[M]ere restatements of the elements of [a] claim[] . . . are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556

4

U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

"Rule 12 prohibits the court from considering matters outside the pleadings in ruling on a motion to dismiss for failure to state a claim . . . and a court's consideration of matters outside the pleadings converts the motion to a motion for summary judgment." *Kimbugwe v. United States*, No. 12-7940, 2014 WL 6667959, at *3 (D.N.J. Nov. 24, 2014). "[A]n exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (internal quotation marks omitted).

Rule "8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. <u>DISCUSSION</u>

#### A. **The Court's Subject Matter Jurisdiction over This Matter**

In the Motion now before the Court, Federal Defendants seek dismissal of Plaintiff's FOIA and OPRA claims pursuant to Rule 12(b)(1). Federal Defendants bring both a "facial" and a

5

"factual" challenge to the Court's subject matter jurisdiction. They argue that Plaintiff has (1) failed to allege withheld documents, (2) failed to exhaust administrative remedies, and (3) Federal Defendants have sovereign immunity to Plaintiff's OPRA claims.

### 1. The TAC's Allegations regarding Withheld Documents

The Federal Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's FOIA claims because he has failed to allege that the Service withheld records responsive to his requests. (Fed. Defs.' Moving Br. 9.) As the Federal Defendants correctly note, Congress has set forth a narrow jurisdictional basis for review of FOIA claims: "[o]n complaint, the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld[.]" 5 U.S.C. § 552(a)(4)(B); *see also Venkataram v. Office of Info. Policy*, No. 09-6520, 2011 WL 2038735, at *2 (D.N.J. May 25, 2011) ("the Court's jurisdiction is limited to circumstances in which an agency has withheld requested information"). "Plaintiffs who do not allege any improper withholding of agency records fail to state a claim for which a court has jurisdiction under the FOIA." *Degenes v. FBI*, No. 20-971, 2021 WL 130649, at *4 (W.D. Pa. Jan. 14, 2021) (quoting *Goldgar v. Office of Admin., Exec. Office of the President*, 26 F.3d 32, 34 (5th Cir. 1994) (citing *Nat'l. Fed'n of Fed. Empl. v. United States*, 695 F. Supp. 1196, 1204 (D.D.C. 1988))). A plaintiff's "conclusory, unsupported allegation that responsive records do exist, contrary to defendants' response, does not trigger the court's jurisdiction." *Id.*

In conjunction with their Motion to Dismiss, Federal Defendants submit a declaration from Elanor McVey, the FOIA coordinator for Regions 1 and 3 of the Service, which includes New Jersey. (McVey Decl. ¶ 1, ECF No. 56-3.) McVey avers that the Service received three FOIA requests from Plaintiff on or about March 22, 2018, October 26, 2018, and February 11, 2019. (*Id.* ¶ 5.) According to McVey, the Service "fully responded to each of those requests." (*Id.*) With

6

respect to the March 2018 request, McVey maintains that "[t]he Service informed [Plaintiff] that [it] was unable to process his request because the request did not adequately: (1) describe the records sought, or (2) address the issue of fees." (*Id.* ¶ 9.) As to the October 2018 and February 2019 FOIA requests, McVey asserts that the Service released two responsive records to Plaintiff in connection with each of these requests. (*Id.* ¶¶ 14, 17.)

The Federal Defendants argue that "Plaintiff references FOIA, but does not assert that the Service withheld any records he sought." (Fed. Defs.' Moving Br. 9.) On the contrary, however, liberally construed, the TAC can be read as claiming that, among other things the Federal Defendants "refused to do[,]" Federal Defendants did not "[p]rovide the [f]ollowing [d]ocuments[:] U.S.F.W.S. Environmental Assessment-Endangered Species with the F.E.M.A. Programmatic Agreements between Defendants with the Primary Home 1821 Starboard Ct." (TAC 1 (emphasis in original).) Based on this allegation in the TAC, it appears that Plaintiff has asserted that the Federal Defendants withheld specific records sought. *Compare with Degenes*, 2021 WL 130649, at *4 ("DeGenes does not contend that specific records were improperly withheld."). Nor do the Federal Defendants deny that the record or records referenced in the TAC exist. *Compare with id.* ("it is the agency's burden to prove the non-existence of the records sought . . . . [C]onclusory, unsupported allegation[s] that responsive records do exist, contrary to defendants' response, does not trigger the court's jurisdiction.). Accordingly, the Court will not dismiss Plaintiff's claims for lack of subject matter jurisdiction on these grounds.

### 2. Plaintiff's Failure to Exhaust Administrative Remedies

The Court reaches a different conclusion, however, regarding the Federal Defendant's second argument relating to subject matter jurisdiction. Federal Defendants assert that Plaintiff has never appealed any of his three FOIA requests. (Fed. Defs.' Moving Br. 11 (citing McVey Decl. ¶ 18).) Accordingly, Federal Defendants argue that the "failure to exhaust this administrative

7

appeal could constitute prudential grounds to dismiss for lack of subject matter jurisdiction[.]" (*Id.* at 10.)

The Department of the Interior has established a process for appealing records request denials by its "bureaus" or "major components," including the Service. 43 C.F.R. § 2.70; *see also* Dep't of Interior FOIA Contacts, http://www.doi.gov/foia/contacts (last accessed Apr. 15, 2021) (listing Department of the Interior bureaus accepting FOIA requests, including the Service); 43 C.F.R. § 2.57; 43 C.F.R. § 2.58 (describing the timing for filing an appeal of the Service's decision to withhold records or deny a records request).

The Third Circuit has held that "[t]he FOIA requires exhaustion of the administrative appeals process before an individual may seek relief in the district court." *Conley v. FBI*, 714 F. App'x 191, 195 (3d Cir. 2017) (quoting *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993)). As the *McDonnell* court explained:

> Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision. Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors.

*McDonnell*, 4 F.3d at 1241 (internal quotations omitted). The *McDonnell* court also held, however, that "[a] failure to exhaust administrative remedies does not *per se* deprive the court of subject matter jurisdiction." *Id.* at 1240 n.9. Rather, "[w]hether a requester has properly exhausted his administrative remedies under the FOIA is a prudential consideration that the court takes into account in determining whether to exercise subject matter jurisdiction." *Conley*, 714 F. App'x at 194 (internal quotation omitted).

Here, the TAC fails to allege that Plaintiff exhausted his administrative remedies following the Service's allegedly deficient FOIA responses. Moreover, the Federal Defendants submit

8

persuasive evidence that Plaintiff has never appealed any of his three FOIA requests. (*See* McVey Decl. ¶ 19.) "For those reasons alone, plaintiff['s] claim may be dismissed." *Surgick v. Cirella*, No. 09-3807, 2010 WL 2539418, at *4 (D.N.J. June 15, 2010) (dismissing a pro se complaint where "plaintiffs neither explicitly set forth a cause of action under the FOIA nor did they allege exhaustion of administrative remedies"); *Schwartz v. DOJ*, 2007 WL 2916465, at *5 (D.N.J. Oct. 4, 2007) ("Plaintiff clearly failed to exhaust administrative remedies where it is not clear such exhaustion would be futile. The Court finds that Plaintiff has not satisfied his burden of proving that the Court has jurisdiction over his claims."). Accordingly, the Court finds it lacks subject matter jurisdiction over Plaintiff's FOIA claims.

### 3. Plaintiff's OPRA Claims

As the Federal Defendants argue, this Court lacks subject matter jurisdiction to consider claims brought against them under OPRA, a New Jersey state law. As the Court has previously held in this matter, "a dispute over an OPRA request does not give rise to a federal question." *Kenny*, 2018 WL 4604314, at *2. Additionally, the claims against the Federal Defendants are barred by sovereign immunity. "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." *The Connelly Firm, P.C. v. U.S. Dep't of the Treasury*, No. 15-2695, 2016 WL 1559299, at *3 (D.N.J. Apr. 18, 2016) (quoting *Treasurer of New Jersey v. U.S. Dept. of Treasury*, 684 F.3d 382, 395-96 (3d Cir. 2012)). Plaintiff cites no authority for the proposition that the United States has waived sovereign immunity with respect to OPRA.

### B. Federal Defendants' Rule 12(b)(6) Arguments

The TAC's claims against Federal Defendants must be dismissed for the reasons set forth in Sections A.2 and A.3 above. Nevertheless, even if Plaintiff's claims survived that analysis and the Court had subject matter jurisdiction, the Court would dismiss his claims.

9

The Court has previously dismissed Plaintiff's claims against other Defendants in this action for failing to comply with Rule 8(a)'s notice pleading requirements. *Kenny v. Porrino*, No. 18-2729, 2020 WL 919703, at *3 (D.N.J. Feb. 26, 2020) ("the Court finds that Plaintiff fails to provide State Defendants with fair notice of what the claim is and the grounds upon which it rests, as required by Rule 8(a)(2)").

The Court finds that Plaintiff's pleading has again failed to satisfy Rule 8(a)'s notice pleading requirements. As the Federal Defendants note, the TAC's caption names Schrading as a Defendant, but the TAC does not explain his role in creating Plaintiff's cause of action. (*See generally* TAC.) Additionally, Plaintiff confusingly refers to "the State" in a number of places. For example, Plaintiff references "the State" and its FOIA determinations. (*Id.* at *2.) Such references are especially confounding with regard to any takings or due process claims he might allege arose from *Federal Defendants'* violations of FOIA. (*See, e.g., id.* ("*The State* has failed and refuses to provide the following documents which constitutes violation of *FOIA* and OPRA which aids *the State* in its continued efforts to deprive Plaintiff of his real property in violation of Federal and US Constitutional Due Process Requirements." (emphasis added)).) Elsewhere, Plaintiff alleges that "Defendants: impacted real property value, made matters complicated," which arguably asserts a regulatory taking. (*Id.*) *See also Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 538 (2005). But as Federal Defendants observe, it is not at all clear that this allegation pertains to Federal Defendants as opposed to the now dismissed state officials and entities.

To the extent Plaintiff alleges constitutional violations against Federal Defendants, these assertions are confused and he has failed to provide a short plain statement showing that he is entitled to relief. On the whole, even when liberally construing the allegations in the TAC, the Court finds that Plaintiff fails to provide the Federal Defendants with fair notice of his specific claims against them. *Cf. El Mujaddid v. Brewer*, 808 F. App'x 73, 76 (3d Cir. 2020) (holding that

a district court may "dismiss a complaint for failure to comply with Rule 8 when the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised").

In addition, FOIA's grant of judicial review is limited to agency action in response to records requested, not an agency employee's actions. 5 U.S.C. § 552(a)(4)(B). A "plaintiff may not assert a FOIA claim against individual federal officials." *Venkataram*, 2011 WL 2038735 at \*2 (quoting *Stone v. Defense Investigative Serv.*, 816 F. Supp. 782, 785 (D.D.C.1993)). Therefore, even if the Court found a FOIA claim against the Service, no such claim can be brought against Schrading.

### C. Plaintiff's Motion to Amend

In response to the Federal Defendants' Motion to Dismiss, Plaintiff filed a Motion to Amend his pleading pursuant to Rule 15. (ECF No. 57.) The Motion seeks "to add supplemental defendants" to this matter, and what appears to be new claims relating to a "new FOIA dated Oct. 5, 2020." (*Id.* at 2.)

A district court may deny a plaintiff leave to amend a pleading "based on bad faith or dilatory motives, . . . repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)).

Plaintiff's proposed amendments do not address the deficiencies discussed in this Memorandum Opinion. Furthermore, the Court has granted Plaintiff multiple opportunities to amend deficiencies in his pleadings throughout this action. Accordingly, the Court denies Plaintiff's Motion to Amend as futile.

## IV. **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is granted. The Court will enter an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**